THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. CARMINE ALFONSO, Respondent. THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. ANDREW ALFONSO, Respondent.— On July 14, 1958 this court affirmed without opinion (two Justices dissenting) an order of the County Court, Westchester County, dated December 30, 1957, granting respondents' motion to dismiss the indictment returned against them on March 26, 1956 and April 24, 1957 for lack of prosecution (*People* v. *Alfonso*, 6 A D 2d 892). On July 8, 1959 the Court of Appeals reversed the order of this court and remitted the matter to this court to determine whether these indictments should be dismissed under section 668 of the Code of Criminal Procedure in the exercise of a sound judicial discretion (*People* v. *Alfonso*, 6 N Y 2d 225). Upon remission, order of the County Court, Westchester County, reversed upon the facts, and motion to dismiss indictments denied. In our opinion, there was no undue delay in bringing respondents to trial on any indictment, and good cause was shown by appellant why the indictments should not have been dismissed. With respect to the indictments which were returned in 1956,

and which were later consolidated for trial, without objection by respondents, with a conspiracy indictment returned on April 24, 1957, the record discloses that the delay in bringing them to trial, prior to the consolidation, was caused, in a great measure, by motions for various types of relief made by respondents, and by an unauthorized appeal taken to this court by respondents from an order which denied one of these motions. The appeal was dismissed in February, 1957. Pending the appeal, and in December, 1956, a motion by respondents to dismiss the indictments was denied on a showing that there were awaiting trial many felony cases in which the defendants were confined in jail, that the District Attorney was moving cases for trial as expeditiously as possible, and that an action involving an indictment for murder in the first degree, and other actions involving serious crimes, had already been scheduled for trial during the month of January, 1957. Respondents had been released on bail, and the District Attorney desired, if possible, to dispose of pending indictments against defendants who were confined in jail awaiting trial. The conspiracy indictment returned on April 24, 1957 was moved for trial one week after respondents had entered pleas of not guilty thereto and was adjourned for trial until June 17, 1957 on motion of an attorney for respondents' codefendants. No objection was made by respondents to that adjournment. Thereafter, although the trial was adjourned from time to time, appellant was ready for trial every time the case appeared on the Trial Calendar and did not request adjournments, which were granted by the court because of the illness of an attorney for respondents' codefendants, and for other reasons which the court considered, and which appear to us to have been, sufficient. In our opinion, the delay in bringing respondents to trial upon the earlier indictments was entirely justified in view of their own tactics, which contributed substantially thereto. After the return of the conspiracy indictment the delay was due to no fault of the District Attorney, and it does not appear that the adjournments granted by the court were unreasonable or unjustified under the circumstances then existing. The indictments should not, therefore, have been dismissed in the exercise of a sound judicial discretion, nor should they now be dismissed under section 668 of the Code of Criminal Procedure in the exercise of such discretion, if they shall be promptly moved for trial by the District Attorney, and set down for trial by the County Court. Nolan, P. J., Beldock and Ughetta, JJ., concur; Hallinan, J., dissents and votes to affirm, with the following memorandum: Respondents were arraigned on December 9, 1955 in a Court of Special Sessions in Yonkers, where they pleaded not guilty of the charge of violating section 986 of the Penal Law. On December 16, 1955 a motion by the District Attorney for removal of the charges to the Grand Jury was granted. At that time respondents stated that they were ready and wanted a speedy trial. On March 26, 1956 the Grand Jury returned 8 indictments containing 14 counts against each respondent. All of these indictments, except one charging respondent Carmine Alfonso with a violation of section 974 of the Penal Law, charged violations of section 986. All indictments were concerned with alleged offenses which had taken place in the latter part of 1955. On motion of the District Attorney, the action was removed from the Supreme Court, Westchester County, to the County Court, Westchester County. Respondents were arraigned in the County Court on April 3, 1956. Respondents' motions were denied. In February, 1957 this court dismissed an appeal from an order entered June 26, 1956 which denied respondents' motion to inspect certain orders permitting wire tapping. The existence until that time of the dormant appeal had in no way precluded the District Attorney from affording respondents a trial. In fact, in the meantime, and on July 11, 1956, respondents had moved to

dismiss the indictments for lack of a speedy trial, and the motion had been denied. A similar motion was denied on December 17, 1956. In the early part of 1957 respondents were indicted for conspiracy to violate sections 986 and 974 of the Penal Law during the same period set forth in the indictments of March 26, 1956. On June 17, 1957 the District Attorney moved to consolidate all outstanding indictments against these respondents and other defendants with the conspiracy indictment. Trial was then commenced. The court adjourned the trial to June 24, 1957 and then, at the plea of an attorney for other defendants that he was physically unable to continue, the court adjourned trial over the protests of respondents to October 7, 1957. At that time the court acknowledged that respondents had continually applied for an immediate trial. On October 7, 1957 trial was again adjourned, over objection of the respondents, because of illness of the same attorney. They also sought a severance, which was denied. On November 18, 1957, the adjourned day, trial was again adjourned to January 8, 1958, over objection of respondents, because of the illness of the same attorney. Four years have now elapsed since respondents were first arraigned. In my opinion, the order of the County Court should be affirmed in the exercise of a sound judicial discretion. Murphy, J., deceased.